UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X
KIARA QUINONEZ,

                                                      Docket No.:

                Plaintiff,

    -against-                                 **COMPLAINT**

JETBLUE AIRWAYS CORPORATION,         **JURY TRIAL DEMANDED**

                Defendant.
-------------------------------------------------------------------X

Plaintiff Kiara Quinonez ("Plaintiff"), by and through her attorneys The Dweck Law Firm, LLP, complains of Defendant JetBlue Airways Corporation ("Defendant" and/or "JetBlue"), and respectfully alleges to this Court as follows:

## NATURE OF THE ACTION

1. Plaintiff brings this action to recover damages for physical injuries that she was caused to sustain in an accident on or about August 20, 2024 as a passenger on board JetBlue's international flight from John F. Kennedy International Airport in Queens, New York to Charles de Gaulle Airport in Paris, France.

## JURISDICTION AND VENUE

2. Jurisdiction is proper pursuant 28 U.S.C. § 1331 because Plaintiff's Complaint asserts a claim under Article 33 of the Convention for the Unification of Certain Rules for International Carriage by Air, concluded at Montreal, Canada on May 28, 1999, S. Treaty Doc. No. 106-45, 1999 WL 33292734 (the "Montreal Convention"). Jurisdiction is also proper pursuant to 28 U.S.C. § 1332 because Plaintiff is a United States citizen residing in the State of New Jersey, and Defendant is a foreign business corporation with it principal headquarters located in this district, and the amount in controversy is in excess of $75,000.00.

3. Venue is proper in this district pursuant to Article 33, Section 1 of the Montreal Convention. Venue is also proper in this district pursuant to 28 U.S.C § 1391(b)(2) because a substantial part of the events or omissions giving rise to the claim occurred here, or, alternatively, pursuant to 28 U.S.C. § 1391(b)(3) because Defendant may be found in this district.

**PARTIES**

4. Plaintiff is now, and at all times hereinafter mentioned was, a United States citizen and resident of the State of New Jersey.

5. Upon information and belief, and at all times hereinafter mentioned, Defendant JetBlue is a foreign business corporation, organized under the laws of the State of Delaware and registered and doing business in the State of New York, with its principal executive offices located at 27-01 Queens Plaza North, Long Island City, New York 11101.

6. Upon information and belief, and at all times hereinafter mentioned, Defendant JetBlue is an air carrier that provides aviation transportation services to passengers and operates aircraft to and from a number of domestic and international locations, including John F. Kennedy International Airport ("JFK Airport") in Queens, New York.

7. Upon information and belief, and at all times hereinafter mentioned, Defendant JetBlue is a commercial air carrier engaged in international carriage and subject to the Montreal Convention.

8. Upon information and belief, and at all times hereinafter mentioned, Defendant JetBlue maintains offices and regularly conducts business at JFK Airport and its corporate headquarters located at 27-01 Queens Plaza North, Long Island City, New York 11101.

9. Upon information and belief, and at all times hereinafter mentioned, Defendant JetBlue regularly conducts business in the City and State of New York, regularly solicits business

in the United States, and derives substantial revenue therefrom and/or otherwise has invoked the benefits and protection of the laws of the United States and the State of New York.

10. The claims asserted in this action arise out of a contract of carriage for international air transportation on Defendant JetBlue's aircraft from JFK Airport in Queens, New York to Charles de Gaulle Airport ("CDG") in Paris, France.

## FACTUAL ALLEGATIONS

11. On or about July 7, 2024, Plaintiff and her fiancée purchased tickets for carriage on Defendant's aircraft from JFK to CDG and paid the fare for such international carriage.

12. On or about August 20, 2024, Plaintiff used her ticket to board JetBlue Flight Number 1907 from JFK to CDG (the "International Flight").

13. After departing from JFK and in the course of the International Flight, Defendant's flight crew performed food service to passengers and served Plaintiff a "chomp size" strawberry shortcake ice cream sandwich made by the Nightingale Ice Cream company.

14. The ice cream sandwich that Defendant served to Plaintiff was frozen solid and caused Plaintiff to sustain severe bodily injuries, including a root fracture of tooth number 10, requiring immediate medical treatment upon landing at CDG, and continuing medical treatment upon returning to the United States.

15. Plaintiff's bodily injuries include an extraction of tooth number 10, and subsequent implant, together with pain, suffering, and mental anguish, all of which were caused solely by the negligent acts of omission and commission by Defendant, its agents and/or servants, without any negligence on the part of Plaintiff or any third-party contributing thereto.

16. As a direct and proximate result of the acts of Defendant, its agents and/or servants as aforedescribed, Plaintiff sustained severe and permanent bodily injuries, suffered pain, suffering

and mental anguish, and incurred expenses for medical care and treatment, all of which are continuing.

**AS AND FOR A FIRST CAUSE OF ACTION**
**(For Strict Liability Pursuant to the Montreal Convention)**

17. Plaintiff repeats and realleges each and every allegation contained within Paragraphs "1" through "16" of the Complaint as though more fully set forth at length herein.

18. At all times relevant hereto, Defendant was and remains a commercial air carrier engaged in International Carriage and is subject to the terms and conditions of the Montreal Convention, including, but not limited Article 17, which imposes absolute liability on carriers for damage sustained by a passenger for bodily injury upon condition only that the accident which caused the injury took place on board the aircraft.

19. On or around August 20, 2024, Plaintiff was a passenger on board Defendant's aircraft and was caused to sustain severe bodily injuries in the course of Defendant's International Flight, caused directly and solely by the negligent and/or careless acts of omission and commission of Defendant, its agents and/or servants, without any negligence on the part of Plaintiff or any third-party contributing thereto.

20. As a result of the above, Defendant is strictly liable to Plaintiff for her physical injuries and mental anguish caused by those physical injuries, and all other damages recoverable by Plaintiff pursuant to the Montreal Convention, in an amount to be determined by a jury at the trial of this action.

21. By reason of all of the above, Plaintiff has been damaged in a sum to be determined upon the trial of this action, for which Plaintiff demands judgment against Defendant.

## AS AND FOR A SECOND CAUSE OF ACTION
### (For Negligence)

22.     Plaintiff repeats and realleges each and every allegation contained within Paragraphs "1" through "21" of the Complaint as though more fully set forth at length herein.

23.     At all times material hereto, Defendant, including its agents and/or servants, was and remains a commercial air carrier engaged in International Carriage, and owes Plaintiff and other passengers a non-delegable duty of care to protect Plaintiff and to ensure that Plaintiff does not sustain bodily injury or harm while on board Defendant's aircraft.

24.     At all times material hereto, Defendant's obligations include training, instructing, and supervising flight crew personnel in the operation of Defendant's aircraft, including the in-flight meal service furnished to passengers on board Defendant's aircraft, to prevent bodily injury and harm to passengers.

25.     At all times material hereto, Defendant breached its duty of care to Plaintiff and was negligent and/or careless in operating the aircraft and servicing Plaintiff while on board the aircraft in the course of the International Flight.

26.     Defendant's negligent acts of omission and commission include, but are not limited to, serving food at a temperature below what is reasonable or safe for consumption by Plaintiff and other passengers in the course of the International Flight, and failing to warn Plaintiff of the dangerously cold temperature and solid state of the ice cream sandwich she was served.

27.     As the direct, actual, sole, and proximate cause of Defendant's aforementioned negligent acts of omission and commission, Plaintiff sustained severe and permanent bodily injuries, suffered pain, suffering and mental anguish, and incurred expenses for medical care and treatment which continues.

28.     By reason of the foregoing, Plaintiff has been damaged in a sum to be determined

upon the trial of this action, for which Plaintiff demands judgment against Defendant.

**WHEREFORE**, Plaintiff Kiara Quinonez demands judgment against Defendant JetBlue Airways Corporation in a sum to be determined by a jury at the trial of this action, together with interest and the costs and disbursements of this action, and such other and further relief as this Court may deem just and proper.

**THE DWECK LAW FIRM, LLP**
*Attorneys for Plaintiff Kiara Quinonez*


By: /s/ Christopher S. Fraser
Christopher S. Fraser (CF 7590)
1 Rockefeller Plaza, Suite 1712
New York, New York  10020
Telephone:     (212) 687-8200
Fax:           (212) 697-2521
Email:         cfraser@dwecklaw.com